FILED

17 MAY 30 PM 12: 56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL PRICE,<br>CDCR No. AX-3761,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE OFFICER K9 HANDLER,<br><br>Defendant. | Case No.: 3:16-cv-01174-CAB-KSC<br><br>**ORDER RE SECOND MOTION TO EXPEDITE DISCOVERY**<br><br>**[Doc. No. 23]** |

On February 17, 2017, plaintiff Immanuel Price, currently incarcerated, and proceeding *pro se* and *in forma pauperis*, filed a "Second Motion to Expedite Discovery." [Doc. No. 23.] The Court construes the Motion as a request by plaintiff to serve a subpoena pursuant to Federal Rule of Civil Procedure 45, prior to the Rule 26(f) conference, on the San Diego Sheriffs' Department to ascertain the identity of the unknown officer K9 handler who allegedly violated his civil rights. As plaintiff has not named or served defendant John Doe Officer K9 Handler in the action, no opposition or reply briefs have been filed. For good cause shown, plaintiff's Second Motion to Expedite Discovery, is **GRANTED**.

/ / /
/ / /
/ / /

1

3:16-cv-01174-CAB-KSC

## PROCEDURAL HISTORY AND INSTANT MOTION

On May 12, 2016, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against City of La Mesa, City of San Diego, John Doe Officer K9 Handler, and John Doe Officer K9. [Doc. No. 1.] Plaintiff alleges an unreasonable use of force during a search of plaintiff's residence in violation of his rights under the Fourth Amendment of the United States Constitution. [Doc. No. 1, at p. 3.] Plaintiff is suing each defendant in his or her individual and official capacities. [Doc. No. 1, at p. 2.]

On June 15, 2016, District Court Judge Cathy Ann Bencivengo issued an order (1) granting plaintiff's motion to proceed *in forma pauperis*, and (2) dismissing three defendants and directing the United States Marshal to effect service of Complaint. [Doc. No. 3.] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court: (1) dismissed John Doe Officer K9 because the canine is not a person for purposes of 42 U.S.C. § 1983; and (2) dismissed claims against defendants City of La Mesa and City of San Diego for failure to state a claim upon which relief may be granted. [Doc. No. 3.] The Court noted that before the United States Marshal can execute service upon the surviving defendant, John Doe Officer K9 Handler, plaintiff must identify the defendant by his true name and substitute that individual person in place of the Doe by amending his Complaint to identify that party. [Doc. No. 3, at p. 8 n.1.] The Court also directed plaintiff to complete a U.S. Marshal Form 285 as completely and accurately as possible for each named defendant and to return them to the United States Marshal to execute service. [Doc. No. 3, at p. 8.]

On September 16, 2016, plaintiff filed a notice which the Court construed as an *Ex Parte* Motion to Expedite Discovery. [Doc. No. 12.] In plaintiff's first *Ex Parte* Motion to Expedite Discovery, plaintiff claimed that he sent two requests to the La Mesa Police Department that identified plaintiff, the case number, and date of the incident giving rise to the Complaint, and "requested all information pertaining to said incident given case

number SCE 338346[1]." [Doc. No. 12.] Plaintiff included a Proof of Service By Mail indicating that he sent a letter to the La Mesa Police Department on August 17, 2016 requesting information. Plaintiff claims that because "the department has yet to respond to these requests," he is unable to identify the John Doe Officer K9 Handler and complete the Form 285 as directed by the Court. [Doc. No. 12.] Plaintiff requested an extension of time to obtain the identifying information and "that the Court fashion an adequate remedy." [Doc. No. 12, at p. 2.] The Court granted plaintiff's first *Ex Parte* Motion to Expedite Discovery on December 2, 2016.[2] [Doc. No. 16.]

In plaintiff's second *Ex Parte* Motion to Expedite Discovery, he asserts that he "received notification from [] the U.S. Marshals service that the La Mesa Police Department refused to accept service of the Subpoena to Produce." [Doc. No. 23, at p. 1.] Plaintiff contends that "[t]he LMPD Records Clerk specifically refused because[,] according to the clerk[,] the K-9 Handler, active on 2/28/2014 whom Plaintiff sought to identify was actually employed by the San Diego Sheriffs['] Department." *Id.* In plaintiff's

---

[1] Plaintiff asserted that SCE 338346 is the case number for his underlying state court case in which he was arrested on February 28, 2014. [Doc. No. 12, at p. 1; Doc. No. 1, at pp. 2-3.]

[2] The court ordered the following on December 2, 2016:
    (1) Plaintiff may serve a Rule 45 subpoena on defendant's employer, La Mesa Police Department. The subpoena shall be limited to documents regarding the identity of the John Doe Officer K9 Handler who allegedly entered plaintiff's residence with a canine on or about February 28, 2014.
    (2) The Clerk of Court is directed to mail plaintiff the following:
        a. A copy of this Order;
        b. A copy of the Court's June 15, 2016 order granting IFP status (Doc. No. 3); and
        c. One subpoena duces tecum form, signed by other blank (AO-88B "Subpoena to Produce Documents, Information, or Objects");
    (3) Within twenty-one (21) days of this Order, plaintiff shall complete the subpoena duces tecum form and return it, along with a copy of this Order to the United States Marshal for service.
    (4) The subpoena must provide a minimum of forty-five (45) day notice before the date of production.
    (5) No deposition or other discovery is authorized at this time.
[Doc. No. 16, at pp. 7-8.]

instant Motion, he requests another "subpoena to produce" so that it can be served on the San Diego Sheriffs' Department for identification of the K-9 Handler in question. *Id.*

This Court set forth the standard for expedited discovery and related analysis of plaintiff's facts in its previous Order granting plaintiff's first *Ex Parte* Motion for Expedited Discovery, issued on December 2, 2016. [Doc. No. 16, at pp. 4-6.] Thus, the Court does not reiterate herein the applicable standard and related analysis, as the facts are the same, with the exception that plaintiff now contends that the K-9 Handler appears to be employed by the San Diego Sheriffs' Department. [Doc. No. 23, at p. 1.]

Accordingly, for good cause shown, the Court **GRANTS** plaintiff's second *Ex Parte* Motion to Expedite Discovery to conduct limited discovery for the sole purpose of identifying the Doe defendant. The Court will direct the Clerk of Court to mail to plaintiff, with this Order, one subpoena duces tecum form, signed but otherwise blank (AO-88B "Subpoena to Produce Documents, Information or Objects"), which should be completed by plaintiff. When completing this subpoena, plaintiff is required to specify which documents he is seeking. The request must be specific enough to determine what plaintiff seeks (for example, the identity of Doe defendant). Plaintiff's *in forma pauperis* status allows him assistance in the service of a completed records subpoena by the United States Marshal. *See* 28 U.S.C. § 1915(d). Plaintiff is advised that he must comply with Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of non-party subpoenas.

## *CONCLUSION*

For the reasons set forth above, plaintiff's second *Ex Parte* Motion for Expedited Discovery—is **GRANTED**. [Doc. No. 23.] Accordingly, it is **HEREBY ORDERED**:

1. Plaintiff may serve a Rule 45 subpoena on defendant's employer, San Diego Sheriffs' Department. The subpoena shall be limited to documents regarding the identity of the John Doe Officer K9 Handler who allegedly entered plaintiff's residence with a canine on or about February 28, 2014.
2. The Clerk of Court is directed to mail to plaintiff the following:

|     |                                                                                                                                                                                                        |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
| 1   |     a. A copy of this Order and the Court's December 2, 2016 Order [Doc. No. 16];                                                                                                  |
| 3   |     b. A copy of the Court's June 15, 2016 order granting IFP status [Doc. No. 3]; and                                                                                             |
| 5   |     c. One subpoena duces tecum form, signed but otherwise blank (AO-88B "Subpoena to Produce Documents, Information or Objects");                                                 |
| 7   | 3. Within twenty-one (21) days of this Order, plaintiff shall complete the subpoena duces tecum form and return it, along with a copy of this Order, to the United States Marshal for service.         |
| 10  | 4. The subpoena must provide a minimum of a forty-five (45) day notice before the date of production.                                                                                                  |
| 12  | 5. No deposition or other discovery is authorized at this time.                                                                                                                                        |

**IT IS SO ORDERED.**

Dated: May 26, 2017

Hon. Karen S. Crawford
United States Magistrate Judge