UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Immanuel Price,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>J. Wiese,<br><br>　　　　　　　Defendant. | Case No.: 16cv1174-CAB-KSC<br><br>**ORDER REGARDING MOTION TO DISMISS [Doc. No. 51]** |

On December 28, 2018, Defendant J. Wiese filed a motion to dismiss the First Amended Complaint ("FAC"). [Doc. No. 51.] On January 9, 2019, Plaintiff Immanuel Price filed an opposition to the motion. [Doc. No. 52.] On January 24, 2019, Defendant filed a reply to the opposition. [Doc. No. 53.] On February 1, 2019, Plaintiff filed a sur-reply. [Doc. No. 55.] For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

PROCEDURAL BACKGROUND

On May 12, 2016, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against City of La Mesa, City of San Diego, John Doe Officer K9 Handler, and John Doe Officer K9. [Doc. No. 1.] Plaintiff alleges an unreasonable use of force during a search of plaintiff's residence in violation of his rights under the Fourth Amendment of the United States Constitution. [Doc. No. 1, at p. 3.]

On June 15, 2016, this Court issued an order (1) granting Plaintiff's motion to proceed *in forma pauperis*, and (2) dismissing three defendants and directing the United States Marshal to effect service of Complaint. [Doc. No. 3.] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court: (1) dismissed John Doe Officer K9 because the canine is not a person for purposes of 42 U.S.C. § 1983; and (2) dismissed claims against defendants City of La Mesa and City of San Diego for failure to state a claim upon which relief may be granted. [Doc. No. 3.] The Court noted that before the United States Marshal can execute service upon the surviving defendant, John Doe Officer K9 Handler, Plaintiff must identify the defendant by his true name and substitute that individual person in place of the Doe by amending his Complaint to identify that party. [Doc. No. 3, at p. 8 n.1.] The Court also directed Plaintiff to complete a U.S. Marshal Form 285 as completely and accurately as possible for each named defendant and to return them to the United States Marshal to execute service. [Doc. No. 3, at p. 8.]

On September 19, 2016, Plaintiff filed a Notice of Defendants Failure to Identify and Delaying Plaintiffs Process ("Notice"). [Doc. No. 12.] In the Notice, Plaintiff claimed that he sent two requests to the La Mesa Police Department that identified Plaintiff, the case number, and date of the incident giving rise to the Complaint, and "requested all information pertaining to said incident given case number SCE 3383461." [Doc. No. 12.] Plaintiff included a Proof of Service By Mail indicating that he sent a letter to the La Mesa Police Department on August 17, 2016 requesting information. Plaintiff claimed that because "the department has yet to respond to these requests," he was unable to identify the John Doe Officer K9 Handler and complete the Form 285 as directed by the Court. [Doc. No. 12.] Plaintiff requested an extension of time to obtain the identifying information and "that the Court fashion an adequate remedy." [Doc. No. 12, at p. 2.]

On December 2, 2016, Magistrate Judge Karen Crawford issued an order construing Plaintiff's "Notice" as an ex parte motion to expedite discovery, granted the motion to conduct limited discovery for the sole purpose of identifying the Doe

defendant, directed the Clerk of Court to mail Plaintiff a subpoena duces tecum form, and gave Plaintiff specific instructions on how to complete the form and return it to the United States Marshal for service. [Doc. No. 16.]

On February 17, 2017, Plaintiff filed a Second Motion to Expedite Discovery ("Second Motion") with a request by Plaintiff to serve a subpoena on the San Diego Sheriff's Department to ascertain the identity of the unknown officer K9 handler who allegedly violated his civil rights. [Doc. No. 23.] In Plaintiff's Second Motion he asserted that he "received notification from [] the U.S. Marshals service that the La Mesa Police Department refused to accept service of the Subpoena to Produce." [Doc. No. 23, at p. 1.] Plaintiff contended that "[t]he LMPD Records Clerk specifically refused because[,] according to the clerk[,] the K-9 Handler, active on 2/28/2014 whom Plaintiff sought to identify was actually employed by the San Diego Sheriffs['] Department." *Id.* In the Second Motion, Plaintiff requested another "subpoena to produce" so that it could be served on the San Diego Sheriff's Department for identification of the K-9 Handler in question. *Id.* On May 30, 2017, Magistrate Judge Crawford granted Plaintiff's Second Motion, directed the Clerk of Court to mail Plaintiff a subpoena duces tecum form, and gave Plaintiff specific instructions on how to complete the form and return it to the United States Marshal for service. [Doc. No. 24.]

For the next ten months, there were no further filings and no indication that the canine officer had been identified and/or served. On April 5, 2018, this Court issued an order to show cause ("OSC") regarding why the matter should not be dismissed for failure to prosecute. [Doc. No. 26.] On May 3, 2018, Plaintiff filed a response to the OSC, claiming that he did not recall receiving the second subpoena to serve upon the Sheriff's Department. [Doc. No. 27.] On May 9, 2018, this Court issued an order granting Plaintiff one final opportunity to subpoena the San Diego Sheriff's Department regarding the identity of the K9 officer. [Doc. No. 28.] On July 17, 2018, the Court received an unexecuted subpoena indicating the San Diego Sheriff's Department rejected the subpoena "due to incomplete form (missing date &time), also vagueness of request."

[Doc. No. 32.] After reviewing the subpoena, and considering the documented challenges associated with obtaining the identity of the K9 handler, the Court issued an order directing the Clerk of Court to re-issue a subpoena to the San Diego Sheriff's Department. [Doc. No. 33.] The Clerk-issued subpoena was served by the U.S. Marshal on August 1, 2018. [Doc. No. 34 at 2.] On August 28, 2018, the San Diego Sheriff's Department responded to the Clerk of Court and stated that a thorough search of their files revealed no responsive records in their files. [Doc. No. 35.]

After reviewing the response to the subpoena, and other attempts by Plaintiff to ascertain the identity of the K9 handler, and considering the documented challenges associated with obtaining the identity of the K9 handler, the Court issued an order directing the Clerk of Court to issue subpoenas to the San Diego Police Department and the La Mesa Police Department to obtain identifying information of the K9 handler. [Doc. No. 36.] On October 3, 2018, the Court received a response to its subpoena to the La Mesa Police Department which produced documents containing identifying information of the K9 handler. [Doc. No. 37.] On October 5, 2018, this Court issued a minute order directing the Clerk of Court to use the identifying information to amend the summons and complaint and direct the United States Marshal to serve the newly-identified defendant. [Doc. No. 39.]

## ALLEGATIONS OF FAC

In the FAC, Plaintiff alleges that on February 28, 2014, he and his spouse "got into altercation" and then Plaintiff left the residence. [Doc. No. 50, at p. 3.] Plaintiff claims he walked around "trying to burn off the heavy intoxication" and returned to the residence around 2:00 a.m. *Id.* Plaintiff then "passed out" on the ground floor rest room." *Id.*

Plaintiff alleges he was "awakened by scratching at the bathroom door" around 3:00 a.m. *Id.* When no one spoke, Plaintiff yelled, "I'm in here!" and claims that the bathroom door was then kicked off of its hinges, hitting him in the head. *Id.* Plaintiff alleges that "a dog followed by two officers rushed into the bathroom ordering Plaintiff to

4

16cv1174-CAB-KSC

the ground." *Id.* Plaintiff claims the dog was not on a leash and bit his left hand. *Id.* Plaintiff claims that "[o]ne officer dropped his full weight on to plaintiffs back," and he "pleaded that the officers 'get the dog'" because "the dog had by that time had gained a crushing lock on Plaintiff's right forearm." *Id.* Plaintiff claims the dog was restrained after officers handcuffed Plaintiff. *Id.*

Plaintiff claims that the first dog bite "caused a long gash on Plaintiff's left index finger which flesh hung out of," and the second bite "caused several puncture wounds to the right forearm." *Id.* Plaintiff seeks damages in the sum of $300,000, and punitive damages of $300,000. *Id.*

## DISCUSSION

A. Failure to serve pursuant to Rule 4(m).

Federal Rules of Civil Procedure, Rule 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Defendant argues Plaintiff did not serve him within 90 days and, therefore, the complaint should be dismissed. [Doc. No. 51-1 at 11-12.] However, a review of the docket shows that, within four months of filing the original complaint, Plaintiff filed various motions requesting the Court's assistance in determining the identity of the canine handler. In granting those requests, the Court necessarily determined that Plaintiff had shown good cause for his failure to serve the complaint, which he could not do until he determined the identity of the officer. As the docket also reflects, the responses to the subpoenas served by both Plaintiff and the Court, while truthful, were not forthcoming in identifying the officer involved. Therefore, while there was a substantial delay in serving Defendant, it was not without good cause, especially for a pro se incarcerated plaintiff.

Defendant also argues that Plaintiff did know the identity of Defendant, because Plaintiff represented himself in the underlying criminal trial and therefore had access to all of the police reports. However, incarcerated defendants do not always have access to their court files, especially after conviction. It is entirely possible Plaintiff did not remember the officer's identity or have immediate access to any reports. Therefore, the fact that Plaintiff at one time had access to his criminal file does not necessarily undermine his representations to this court that he did not know the identity of the officer. Moreover, it seems nonsensical that Plaintiff would intentionally delay his case by falsely claiming that he did not know the identity of the only remaining defendant. Accordingly, there is no Rule 4(m) violation.

B. Individual capacity.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, Plaintiff has sufficiently stated an excessive force claim against Defendant Wiese. Plaintiff claims that when he was in the bathroom he was not resisting arrest and, therefore, it was unconstitutional to use the dog to restrain him. While Plaintiff refers to "officers," he is only suing deputy Wiese as the dog handler. The allegations regarding the use of the dog when Plaintiff was allegedly just "passed out" in the bathroom and not

resisting arrest are sufficient to put Defendant on notice as to the alleged constitutional deprivation. Therefore, Plaintiff has stated a claim against Defendant Wiese in his individual capacity.

C. Official capacity.

To the extent Plaintiff sues Defendant Wiese in his official capacity, such a claim "is equivalent to a suit against the government entity itself," and is assessed in the context of liability under *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978). *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991). In *Monell*, the Supreme Court held that a municipality cannot be held liable under a respondeat superior theory, but may be liable under § 1983 for constitutional violations that result from enforcement of the municipality's official "policies and customs." 436 U.S. at 694. In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, conducts or habits." *Warner v. County of San Diego*, No. 10–1057, 2011 WL 662993, *4 (S.D.Cal. Feb.14, 2011).

Here, Plaintiff has failed to allege any municipal policies and customs, nor any role Defendant may have had in enforcing such policies. In his opposition, Plaintiff requests that the Court "disregard [his] official capacity suit against J. Wiese and focus on the individual capacity suit only. . . " [Doc. No. 52 at 11. The Court interprets this as Plaintiff's voluntary dismissal of the official capacity claim. Accordingly, the claim against Defendant Wiese in his official capacity is DISMISSED WITHOUT LEAVE TO AMEND.

D. Failure to comply with Rule 8.

Federal Civil Rules of Civil Procedure, Rule 8 set forth the pleading requirements for the federal courts. Generally, a complaint is sufficient if it give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the reasons set forth in Section B, above, the FAC sufficiently gives defendant fair notice of the excessive force claim.

E. Failure to satisfy Rule 41(b).

Defendant may move for dismissal of the action or of any claim against the defendant "for failure of the plaintiff to prosecute" the action. FRCP 41(b). A dismissal with prejudice is generally deemed "an extreme sanction which is to be used only when plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)(brackets in original). *See also Dahl v. City of Hunington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). For the reasons set forth above, Plaintiff has been sufficiently diligent, if not immediately successful, in attempting to ascertain the identity of defendant. While it is unfortunate that the 911 call from the victim has been purged, it appears that the call would have been purged within 24 months from the date of the incident, which was prior to the filing of this complaint. [Doc. No. 53-1 at ¶2.] Therefore, any prejudice to Defendant from not having the audio of the 911 call was not due to the delay in service. Moreover, other evidence does exist, as demonstrated by the various police reports provided by Defendant in the Request for Judicial Notice ("RFJN"). [Doc. No. 51-5.][1] Accordingly, the Court declines to impose the "extreme sanction" of dismissal. *McNeal*, 842 F.2d at 790.

F. Failure to adhere to Rule 11(b)(1).

Federal Rules of Civil Procedure, Rule 11(b)(1) requires representations to the court by attorneys and unrepresented parties to be not of an improper purpose. Defendant argues that Plaintiff's multiple filings in his other cases show that he did not lack resources, time or information, as alleged in his motions for relief to this Court. However the fact that Plaintiff had multiple filings in other cases does not necessarily contradict his request for time and assistance in this case. Therefore, there is no Rule 11 violation.

/ / / / /

---

[1] The RFJN as to Exhibits 1, 2, 4-17 [Doc. No. 51-3, 51-4, 51-6 through 51-19] is **GRANTED** pursuant to Federal Rule of Evidence Rule 201.

8

## CONCLUSION

For the reasons set forth above, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to the claims against Defendant Wiese in his official capacity; otherwise the motion to dismiss is **DENIED**.

The FAC will proceed with regard to Plaintiff's excessive force claim against Defendant Wiese in his individual capacity. Defendant shall respond to the FAC as set forth in Fed.R.Civ.P. Rule 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge