UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL PRICE,<br><br>                              Plaintiff,<br>v.<br>J. WEISSE,<br><br>                            Defendant. | Case No.: 3:16-cv-01174-CAB-KSC<br><br>**ORDER RE: SECOND MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 67]; MOTION FOR EXTENSION OF TIME [TO RESPOND TO DISCOVERY REQUESTS] [DOC. NO. 68]; MOTION FOR SUBPOENAS [DOC. NO. 70] and MOTION FOR EXTENSION OF TIME TO FILE REPLY TO ANSWER [DOC. NO. 65]** |

Plaintiff Immanuel Price, who is currently incarcerated and proceeding *pro se* and *in forma pauperis*, has filed four motions that are currently pending before the Court. The Court addresses each of them in turn.

**I.**     **Background**

Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 from defendant J. Weise, who is a canine handler for the San Diego Police Department. [Doc. No. 50.] Plaintiff alleges defendant used unreasonable force during a search of plaintiff's residence in violation of his rights under the Fourth Amendment of the United States Constitution. [*Id*., at p. 3.] Plaintiff contends that due to defendant's unreasonable use of force, plaintiff sustained

multiple dog-bite wounds from a San Diego Police Department canine that was under defendant's control [*Id.*] Plaintiff has sued defendant in his individual and official capacity. [*Id.*, at p. 2.]

## II. Second Motion for Appointment of Counsel

On April 23, 2019, plaintiff filed a Motion for Appointment of Counsel, in which he requests the Court appoint counsel to assist him with discovery. [Doc. No. 67, p. 3.]

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C § 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

First, plaintiff's contention that "a lawyer is in a better position to retrieve discovery" does not constitute exceptional circumstances. The hardships associated with litigating plaintiff's case are shared by all incarcerated litigants lacking legal expertise.[1] There is no basis for the Court to find that plaintiff lacks the ability to articulate and litigate his claims. He has filed several documents with the Court, including the four Motions that are the

---

[1] Litigants proceeding *pro se* are generally afforded some leniency to compensate for their lack of legal training. Indeed, "[i]n civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

subject of this Order, that are organized and present his arguments with reasonable efficiency and clarity. [*See also e.g.*, Doc. No. 1, Complaint & Doc. No. 50, First Amended Complaint]. Second, plaintiff has not addressed the likelihood of success on the merits. Nor is a likelihood of success evident from the face of the First Amended Complaint. [Doc. No. 50]. Consequently, plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

### III. Motion for Extension of Time to Respond to Discovery

Plaintiff has also filed a Motion for Extension of Time, in which he requests the Court extend the deadline for him to respond to Interrogatories and Requests for Production of Documents that were propounded by defendant. [Doc. No. 68.] Plaintiff asks that his deadline be extended until after the Court rules on his Second Motion for Appointment of Counsel, discussed *supra*. Plaintiff's Motion for Extension of Time is **GRANTED**. Plaintiff shall serve full and complete responses to the Interrogatories and Requests for Production of Documents no later than **July 19, 2019**.

### IV. Motion for Fed. R. Civ. P. Rule 45 Subpoenas

Plaintiff's third Motion involves a request that the Court send him two blank subpoenas. [Doc. No. 70.] Plaintiff intends to use one of the blank subpoenas to seek medical records relating to the treatment of his dog bite wounds, while he was incarcerated at the San Diego County Jail. [*Id*.] The other subpoena he intends to use to request a copy of the San Diego Police Department Canine Unit Operations Manual. [*Id*. at pp. 1-2.]

Plaintiff's Motion for Subpoenas is **GRANTED**. The Court directs the Clerk of Court to mail to plaintiff, with this Order, two subpoena duces tecum form, signed but otherwise blank (AO-88B "Subpoena to Produce Documents, Information or Objects"), which should be completed by plaintiff. When completing these subpoenas, plaintiff is required to specify which documents he is seeking. The request must be specific enough to determine what plaintiff seeks. Plaintiff's *in forma pauperis* status allows him assistance in the service of a completed records subpoena by the United States Marshal. *See* 28 U.S.C. § 1915(d). Within twenty-one (21) days of this Order, plaintiff shall complete the subpoena

duces tecum forms and return them, along with a copy of this Order to the United States Marshal for service. The subpoenas must provide a minimum of thirty (30) day notice before the date of production. Plaintiff is advised that he must comply with Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of subpoenas.

## V. Motion for Extension of Time to File Reply to Defendant's Answer

In the fourth and final Motion before the Court, plaintiff requests he be granted an extension of time to file a Reply to the Answer filed by defendant on February 19, 2019. [Doc. No. 65.] Specifically, he asks that he not be required to file a Reply until after he has received certain documents from defendant. [*Id*. at p. 2.] Fed. R. Civ. P. Rule 7(a)(7) allows for the filing of a Reply to an Answer only when ordered by the Court. Here, the Court has not ordered plaintiff to file a Reply, nor is there any apparent need for the Court to do so. Plaintiff's Motion for an Extension of Time to File a Reply is, therefore, **DENIED**. With respect to plaintiff's stated need to obtain documents from defendant, the Court reminds plaintiff that Fed. R. Civ. P. Rule 34 allows him to request defendant produce documents that are relevant to plaintiff's claims or defendant's defenses, so long as the requested discovery is non-privileged and proportional to the needs of this case.   *See also* Fed. R. Civ. P. 26(b).

## VI. Conclusion

For the reasons set forth above, the Court hereby Orders:

1. plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice;
2. plaintiff's Motion for Extension of Time [to Respond to Discovery] is **GRANTED**. Plaintiff shall serve full and complete responses to defendant's Interrogatories and Requests for Production of Documents no later than **July 19, 2019**;
3. plaintiff's Motion for Subpoenas is **GRANTED.** The Clerk of Court is directed to mail to plaintiff two subpoena duces tecum forms, signed but otherwise blank (AO-88B "Subpoena to Produce Documents, Information or Objects"). Within twenty-one (21) days of this Order, plaintiff shall complete the subpoena duces

tecum forms and return them, along with a copy of this Order to the United States Marshal for service. The subpoenas must provide a minimum of thirty (30) day notice before the date of production; and

4. plaintiff's Motion for an Extension of Time to File a Reply is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 3, 2019

Hon. Karen S. Crawford
United States Magistrate Judge