UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL PRICE,<br><br>             Plaintiff,<br><br>v.<br><br>J. WEISE,<br><br>             Defendant. | Case No.: 16CV1174-CAB(KSC)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR RULING**<br><br>**[Doc. No. 77]** |

Plaintiff Immanuel Price, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a motion captioned "Motion for Ruling re Expert Witnesses and Scheduling Order Adjustment with Motion to Compel Discovery." [Doc. No. 77.] Defendant filed his response in opposition to plaintiff's Motion on July 24, 2019. [Doc. No. 78.] The Court addresses in turn each of the three requests raised in plaintiff's Motion.

### *Background*

Plaintiff filed this action on May 12, 2016, pursuant to 42 U.S.C. § 1983. [Doc. No. 1.] In his First Amended Complaint, plaintiff alleges defendant J. Weise, a canine handler for the San Diego Police Department, used excessive force against plaintiff during a search of his residence on February 28, 2014. [Doc. No. 50, p. 3.] Plaintiff contends that due to defendant's unreasonable use of force, plaintiff sustained multiple dog-bite wounds from a San Diego Police Department canine that was under defendant's control. [*Id.*] Plaintiff

initially sued defendant in his individual and official capacity. [*Id.* at p. 2.] However, in an Order dated February 4, 2019, the District Court dismissed plaintiff's claim against defendant Wiese in his official capacity, without leave to amend, allowing plaintiff to proceed against him in his individual capacity. [Doc. No. 56.]

On February 19, 2019, plaintiff filed his first Motion for Appointment of Counsel. [Doc. No. 59.] On February 22, 2019, this Court denied plaintiff's Motion without prejudice, finding plaintiff had "fail[ed] to show that exceptional circumstances necessitate appointment of counsel to represent him in this matter at this time." [*Id.* at p. 2.] The Court noted that plaintiff offered no evidence to substantiate the merits of his claim. [*Id.*] Furthermore, the Court determined that plaintiff had been able to sufficiently articulate his claims *pro se* and had experience as a *pro se* litigant in several other actions. [*Id.*]

On March 4, 2019, the Court issued a Scheduling Order setting forth all dates in this case. [Doc. No. 63.] This Order set the deadline to complete all fact discovery as July 12, 2019, and September 27, 2019, as the deadline to complete all expert discovery. [*Id.* at pp. 2-3.]

On April 23, 2019, plaintiff filed his second Motion for Appointment of Counsel, in which he requested the Court appoint counsel to assist him with discovery and locating expert witnesses. [Doc. No. 67, p. 3.] On July 3, 2019, this Court again denied plaintiff's request for counsel, finding "plaintiff's contention that 'a lawyer is in a better position to retrieve discovery' does not constitute exceptional circumstances." [Doc. No. 71, p. 2.] This Court noted "the hardships associated with litigating plaintiff's case are shared by all incarcerated litigants lacking legal expertise," and that "litigants proceeding *pro se* are generally afforded some leniency to compensate for their lack of legal training." [*Id.*] Further, the Court found that plaintiff again failed to address the likelihood of success on the merits. [*Id.* at p. 3.]

On July 22, 2019, plaintiff filed the Motion that is currently pending before the Court. [Doc. No. 77.] Defendant filed his response in opposition to plaintiff's Motion on July 24, 2019. [Doc. No. 78.]

*Discussion*

I. *Plaintiff's Third Motion for Appointment of Counsel.*

The first argument raised by plaintiff is that the Court failed to adequately consider his need for expert witnesses when ruling on his second Motion for Appointment of Counsel. [Doc. No. 77, at p. 1.] He again argues that without an attorney, "there is no way for plaintiff to obtain expert witness addresses to start with, thereby making it impossible for plaintiff to consult with expert witnesses sympathetic to plaintiff's case." [*Id.*] He then explains the difficulties he has had in locating expert witness information on his own. [*Id.* at pp. 1-3.] Noting this "case may very well be reduced to an expert witness contest," plaintiff seeks experts qualified to testify in the fields of: "(1) use of force and police policies and procedures, (2) police service dog training, and (3) plastic surgery…." [*Id.* at p. 2.]

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.,* 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C. § 1915(c)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, plaintiff's stated inability to locate expert witnesses does not demonstrate exceptional circumstances. The hardships associated with litigating plaintiff's case are shared by all incarcerated litigants lacking legal experience. Throughout this litigation, plaintiff has demonstrated an ability to articulate and litigate his claims with reasonable efficiency and clarity. [*See, e.g.*, Doc. Nos. 60 and 71.] Plaintiff has filed several motions

with the Court and has experience litigating other actions *pro se*. Plaintiff also provides no support indicating a likelihood of success on the merits.

Additionally, plaintiff has not demonstrated he has the financial means to hire experts even if located. Expert witness fees and costs are borne by the parties, even when appointed by the Court. *See, e.g.* Fed. R. Civ. Evid. 706(c)(2). The *in forma pauperis* statute, Title 28, United States Code, Section 1915, does not authorize the expenditure of public funds for expert witnesses. 28 U.S.C. § 1915.

To the extent plaintiff seeks the Court to appoint an expert witness on his behalf, there is no legal authority for the Court to take such action. Rule 706 "only allows a court to appoint a neutral expert." *Gorton v. Todd*, 793 F.Supp.2d 1171, 1177 (E.D. Cal. 2011). In other words, a party may not seek appointment of an expert witness by the Court "for his own benefit. . . ." *Id.* at 1177 n.6. As such "expert witnesses are rarely appointed under Rule 706 because the adversary system is usually sufficient to promote accurate factfinding." *Id.* at 1182. A court "should consider appointing an expert witness when, through the course of litigation, it becomes apparent that unbiased expert testimony will aid the trier of fact in making an accurate factual determination." on a central issue in the case. *Id.* at 1182 n.10. Here, however, plaintiff has not demonstrated, nor does the Court perceive, that the facts of this litigation are such that expert witness testimony would aid the trier of fact. Furthermore, it is apparent that plaintiff does not seek the appointment of a neutral expert to aid the Court in making an accurate factual determination on material issues in his case. Rather, plaintiff seeks the appointment of expert witnesses to act as advocates to help him to prepare and present his case. As outlined above, plaintiff is not entitled to either Court appointed counsel, or a Court appointed expert, to advocate on his behalf in his case.

Thus, the Court finds that plaintiff's third motion for the appointment of counsel must be **DENIED.**

*/ /*

*/ /*

## II. *Plaintiff's Motion to Modify the Existing Scheduling Order.*

Plaintiff's Motion also includes a request the Court continue discovery deadlines. [Doc. No. 77, p. 3.] Plaintiff claims he "became singularly concerned with the [expert witness] issues and did not get around to the fact discovery." [*Id.*] The discovery deadlines, which were set by the Court on February 22, 2019, are:

| | |
|---|---|
| Designation of Expert Witnesses | May 3, 2019 |
| Designation of Rebuttal Expert Witnesses | May 17, 2019 |
| Completion of Fact Discovery | July 12, 2019 |
| Exchange of Expert Witness Disclosures | July 26, 2019 |
| Exchange of Supplemental Expert Witness Disclosures | August 23, 2019 |
| Completion of Expert Discovery | September 27, 2019 |

[Doc. No. 63.]

Fed. R. Civ. P. 16(b)(4) allows a scheduling order to be modified for good cause and with a judge's consent. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See, e.g.*, *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Rich v. Schrader*, 2013 WL 3710806 at 2 (S.D. Cal. 2013). Thus, in order to demonstrate good cause, plaintiff must demonstrate his diligence in taking discovery and diligence in propounding or noticing the particular outstanding discovery and explain why he could not conduct the particular discovery before the discovery cut off date. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end. *Id.*

Plaintiff fails to set forth good cause to continue the discovery deadlines set by this Court. He has not shown he has been diligent in conducting discovery. Although the Scheduling Order was issued February 22, 2019, plaintiff waited nearly five months, until mid-July 2019, to serve any discovery requests on defendant. [Doc. No. 78, p. 3; Doc. No. 78-1, p. 2. (showing plaintiff's discovery requests were not mailed until July 14, 2019, and

July 17, 2019, shortly after the deadline for completion of fact discovery.)] Moreover, plaintiff's own representation he "became singularly concerned with the [expert witness] issues and did not get around to the fact discovery" further indicates plaintiff did not act with diligence. [Doc. No. 77, p. 3.] Thus, he does not satisfy the good cause requirement of Rule 16(b).

As a *pro se* litigant, however, plaintiff should be afforded some leniency to compensate for his lack of legal training. Discovery is currently open, and will remain open until the September 27, 2019 deadline for completion of expert discovery. Continuing the fact discovery deadline to coincide with the deadline for completion of expert discovery will not significantly disrupt the Court's management of this case or delay its progression towards trial. As an accommodation to plaintiff, the Court, therefore, continues the deadline for completion of fact discovery to **September 27, 2019.** No further extensions of time will be granted without the required showing of good cause.

### III. *Plaintiff's Motion to Compel Discovery.*

Lastly, plaintiff "requests and moves this Court to compel defendant to provide all discoverable information, including records, statements, photographs, audio, and any other relevant discovery in this case, reasonably likely to be used at trial or utilized in the preparation thereof." [Doc. No. 77, p. 4.] Plaintiff contends he "has requested discovery from the defendant on several occasions, having received nothing." [*Id.*]

In his Opposition brief, defendant explains "plaintiff's first and only request to defendant for the medical records and District Attorney's court files subpoenaed by defendant occurred in plaintiff's letter mailed on July 14, 2019." [Doc. No. 78, at p. 6.] Defendant further contends plaintiff has not engaged in any efforts to meet and confer to discuss discovery as required. [*Id.*] Finally, defendant states he is in the process of redacting the police report records and will produce to plaintiff his medical records and the police reports requested in response to plaintiff's July 14, 2019 letter." [*Id.*]

Based on the information provided by defendant there is no basis to compel defendant to respond to plaintiff's discovery requests. Plaintiff's request to compel discovery from defendant is, therefore, **DENIED** without prejudice.

### *Conclusion*

For the reasons set forth above, the Court hereby Orders:

1. plaintiff's third Motion for Appointment of Counsel is **DENIED** without prejudice;
2. plaintiff's Motion to Modify the Existing Scheduling Order is **GRANTED**, the deadline for completion of fact discovery is continued to **September 27, 2019**; and
3. plaintiff's Motion to Compel Discovery is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 16, 2019

Hon. Karen S. Crawford
United States Magistrate Judge