UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL PRICE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. WIESE,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16-cv-1174-CAB-AHG<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT PLAINTIFF'S MOTION FOR DISCOVERY; and**<br><br>**(2) SUA SPONTE REOPENING DISCOVERY ON A LIMITED BASIS AND EXTENDING PRETRIAL MOTIONS DEADLINE**<br><br>**[ECF No. 87]** |

**I.　BACKGROUND**

On March 4, 2019, the Court filed its initial Scheduling Order setting deadlines of July 12, 2019 for fact discovery and September 27, 2019 for expert discovery. ECF No. 63. Two days before the close of fact discovery, Defendant moved to take Plaintiff's deposition out-of-time on September 9, 2019, on the basis that depositions at the institution where Plaintiff was currently incarcerated were booked "more than eight weeks out[.]"

ECF No. 72.[1] The Court granted Defendant's request. ECF No. 73. On July 23, 2019, Plaintiff also sought an extension of time to complete fact discovery, which the Court granted despite finding Plaintiff had not diligently pursued discovery up to that point, on the basis that his *pro se* status warranted some leniency. ECF Nos. 77, 82. Based on that extension, both fact and expert discovery in this matter closed on September 27, 2019. *See* ECF No. 82.

The six-week interim between the Court's August 16, 2019 order extending fact discovery and the September 27, 2019 fact discovery deadline is riddled with scheduling snafus and delays beyond the parties' control. First, Plaintiff was transferred to the Salinas Valley State Prison, resulting in Defendant rescheduling the deposition for September 20, 2019. *See* ECF No. 88 at 3. Defendant sent notice of the rescheduling to Plaintiff on September 3, 2019. *Id.* On September 17, 2019, Defendant once again sent notice to Plaintiff that the deposition was rescheduled for September 23, 2019 due to a cancellation by Defendant's court reporter. *Id.* Meanwhile, on September 13, 2019, Plaintiff received the September 3rd notice and drafted the Motion for Discovery that is presently before the Court, asking the Court to reschedule his deposition and allow Plaintiff to depose Defendant as well as four other police officers who were eyewitnesses to the arrest incident underlying this litigation as part of a "universal deposition." ECF No. 87. However, the Motion was not filed until September 26, 2019 due to the ordinary delays associated with prisoner mail. Thus, before Plaintiff's Motion for Discovery was filed, Defendant's counsel traveled more than 400 miles each way to Salinas Valley State Prison to take Plaintiff's deposition on September 23, 2019. ECF No. 88 at 3. Defendant contends Plaintiff refused to participate or provide any testimony and represents that defense counsel is currently

---

[1] September 9, 2019 is eight weeks and five days after July 10, 2019, when Defendant filed the motion for an extension. Thus, although not expressly stated in Defendant's Motion, it appears Defendant did not attempt to arrange Plaintiff's deposition until the final days of the discovery period.

preparing a motion on that issue. *Id.* at 3, 5; ECF No. 88-1.

## II. DISCUSSION

Defendant correctly notes that Plaintiff's Motion for Discovery is now moot because the date of his deposition has passed. Consequently, the Court **DENIES** Plaintiff's Motion (ECF No. 87) **as moot**. Nonetheless, in light of the unique circumstances of this case and for the reasons explained more fully below, the Court finds good cause to extend the pretrial deadlines in the current scheduling order by approximately six weeks for the limited purpose of permitting Defendant to take Plaintiff's deposition and, if Plaintiff is able to make the requisite showing, to permit him to take Defendant's deposition as well.

"Public policy favors disposition of cases on the merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Although this principle is usually invoked in cases involving default judgment, the Court finds it apposite here given that absent depositions of either party, the record will be nearly if not entirely devoid of facts going to the merits. The parties' October 25, 2019 deadline to file summary judgment motions is fast approaching. However, "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). Thus, if Defendant were to file a summary judgment motion on the sparse record before the Court and Plaintiff sought "additional discovery to explore facts essential to justify [his] opposition" due to lack of discovery, the Court may decide to stay its ruling and reopen discovery at that juncture pursuant to Rule 56(d) and the relevant case law in this Circuit. *Id.* (quoting *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998)); *see also* Fed. R. Civ. P. 56(d)(2). Although neither party has yet filed such a motion, the Court finds it prudent to head off such an issue at the pass.

"At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA Prod. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *see also Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012 WL 760747, at *7 (D. Nev. Mar. 6, 2012) ("The preference for deciding cases on the merits does not grant litigants a license

3
3:16-cv-1174-CAB-AHG

to ignore or disregard discovery deadlines."). Therefore, the Court would not ordinarily extend deadlines simply because the discovery taken during the discovery period is severely lacking. As outlined above, however, the dearth of discovery in this case results at least in part from a series of mail and filing delays causing a serious miscommunication about the nature of the September 23, 2019 deposition. From Plaintiff's perspective, he had an outstanding request to the Court to continue the deposition and permit him to depose defense witnesses on the same date. It is also unclear from the record whether Plaintiff received Defendant's notice, sent by overnight mail on September 17, 2019, that the deposition had been rescheduled for a third time. While neither Plaintiff's misconception nor potential lack of notice excuses his refusal to participate, the result—a threadbare evidentiary record—benefits no one, and the reopening of discovery down the road may be required in the interest of justice under Rule 56(d). *See, e.g.*, *J & J Sports Prod., Inc. v. Bailey*, No. 1:14-CV-01353-DAD-JLT, 2016 WL 6648638, at *7 (E.D. Cal. Nov. 9, 2016) (*sua sponte* reopening discovery at the summary judgment stage "in the interest of justice" because "additional relevant evidence likely remains to be discovered"); *Harris v. Pate*, 440 F.2d 315, 318-19 (7th Cir. 1971) (reversing the district court's denial of a *pro se* prisoner plaintiff's request for a continuance to obtain additional evidence to oppose a summary judgment motion, reasoning that "Plaintiff was not represented by counsel and, because of his incarceration, he was less able than an ordinary party to obtain affidavits effectively and expeditiously|. . . . The failure to grant [plaintiff's] motion deprived him of a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.") (internal quotations omitted).

Moreover, "[w]e construe liberally the filings and motions of a *pro se* inmate in a civil suit." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Therefore, while the precise relief requested in Plaintiff's Motion for Discovery (ECF No. 87) is moot since the date of his deposition has passed, construed liberally, the motion requests permission generally to take the depositions of Defendant and the percipient witnesses named in the motion. On July 17, 2019, Plaintiff previously made a similar request to depose Defendant

and other witnesses that only went unaddressed because it was raised in response to Defendant's ex parte motion to take Plaintiff's deposition, *after* the Court had already ruled on the relevant motion. *See* ECF No. 74 at 3-4. Had Plaintiff instead filed an affirmative motion seeking the relief requested in his response during the discovery period, it would have been considered by the Court.

Importantly, during the discovery period, Plaintiff was entitled to take the depositions of Defendant and other witnesses in this case. *See* Fed. R. Civ. P. 30(a)(1); *Sinegal v. Duarte*, No. 11CV2534-BEN-JMA, 2013 WL 5408602, at *1 (S.D. Cal. Sept. 25, 2013) (noting that a *pro se* prisoner plaintiff "as a matter of procedure, does not require leave of Court to take Defendants' depositions."). However, the Court could not have granted Plaintiff's request for a "universal deposition" for several reasons. First, it lacks the "reasonable notice" required by Rule 30. Second, it is at least implied in his Motion that Plaintiff expected Defendant or the Court to bear the cost of the deposition. *See* ECF No. 87 at 2 (requesting permission to depose eyewitness police officers "in one 'universal deposition hearing,' for fairness."). To take depositions in compliance with the Rules, Plaintiff must (1) give reasonable notice to the party or parties he wishes to depose; (2) pay all costs associated with the deposition(s). *See* Fed. R. Civ. P. 30(b)(1) – (b)(3). Third, Plaintiff would have to provide a transcript of any deposition testimony he would want to use as evidence and pay for those transcription costs. Fed. R. Civ. P. 32(c).

Alternatively, Plaintiff could take depositions of the witnesses by written questions, but such depositions must also be taken before an officer authorized to administer oaths by federal or California law, a person appointed by the Court to administer oaths and take testimony, or another officer stipulated by the parties. Fed. R. Civ. P. 28(a); Fed. R. Civ. P. 29(a). And again, Plaintiff would have to bear all costs associated with delivering a copy of his questions to the officer and the officer's carrying out of his or her duties under Rule 31(b). *See Lopez v. Horel*, No. C 06-4772 SI PR, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007) ("If plaintiff wants to depose defendant on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the

witness. It is not defendant's obligation or the court's obligation to do so"), *aff'd*, 367 F. App'x 810 (9th Cir. 2010). The same court noted, however, "[t]he deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not." *Id.* at *2 n.2.

The fact that Plaintiff is proceeding *in forma pauperis* does not alter his responsibility to bear the costs of any deposition he wishes to take, either orally or by written questions. *See Sinegal*, 2013 WL 5408602, at *1 (finding the *pro se* incarcerated plaintiff "must bear responsibility for the costs of recording any deposition he notices[,] . . . would be responsible for arranging the presence of an officer authorized to administer oaths either by federal law or by the law in the place of examination . . ., and would be required to bear any costs related thereto, at any deposition he takes."); *Miller v. Rufion*, No. 08CV01233-BTM-WMC, 2010 WL 2572842, at *2 (E.D. Cal. June 22, 2010) ("[P]arties proceeding in forma pauperis remain responsible for conducting and paying for their own discovery"); *Brooks v. Tate*, No. 1:11-CV-01503 AWI, 2013 WL 4049053, at *1 (E.D. Cal. Aug. 7, 2013) ("[Plaintiff's] in forma pauperis status does not entitle Plaintiff to free services such as scheduling, conducting and recording the deposition. If Plaintiff wishes to conduct oral or written depositions, he must review Federal Rules of Civil Procedure 28, 30, 31, and 45.").

Perhaps the most significant barrier to Plaintiff's request to take depositions is that, as Defendant notes, all witnesses Plaintiff wishes to depose live outside the 100-mile radius of Rule 45 and thus Plaintiff cannot compel their attendance. *See* ECF No. 88 at 4; Fed. R. Civ. P. 45(c)(1)(A). However, the 100-mile limitation does not apply to a party who lives or is employed in the same state where the deposition will take place. Fed. R. Civ. P. 45(c)(1)(B). Therefore, if Plaintiff shows he can meet all other requirements, the Court will reconsider his request to take **Defendant's deposition only** during the reopened discovery period.

In light of the foregoing considerations, the Court *sua sponte* finds good cause to reopen discovery under Rule 16(b)(4) until **November 22, 2019** for the limited purpose of

allowing the parties to take one another's depositions. Defendant may depose Plaintiff during the reopened discovery period. If Plaintiff refuses to participate in the deposition once more, he will be subject to sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B)(I); (a)(5)(A). Plaintiff is warned that the undersigned will likely recommend to the District Judge the sanction of dismissal of the case. Plaintiff is also permitted to refile a motion to take Defendant's deposition **if** he makes the requisite showing that the requirements of the governing Rules (e.g., Rules 28, 29, 30, 31, and/or 45) can be met. Plaintiff shall not be permitted to take depositions of other witnesses under any circumstances.

Additionally, the Court notes that, following the transfer of this case to the undersigned, the Mandatory Settlement Conference ("MSC") was reset from October 10, 2019 to a date approximately six weeks later, on November 26, 2019. *See* ECF No. 86. As a result, extending the discovery and pretrial motions deadlines by approximately six weeks does not significantly alter the existing Scheduling Order. Accordingly, the Court will also *sua sponte* extend the pretrial motions deadline to **December 9, 2019**.

### III. CONCLUSION

For the reasons explained above, the Court (1) **DENIES as moot** Plaintiff's Motion for Discovery (ECF No. 87); (2) **REOPENS FACT DISCOVERY** until **November 22, 2019**; and (3) **RESETS** the pretrial motions deadline to **December 9, 2019**.

All other deadlines set in the Court's previous Scheduling Order (ECF No. 63) remain in place.

**IT IS SO ORDERED.**

Dated: October 9, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge