UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IMMANUEL PRICE,<br><br>Plaintiff,<br><br>v.<br><br>J. WIESE,<br><br>Defendant. | Case No.: 3:16-cv-1174-CAB-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY**<br><br>**[ECF No. 93]** |
|---|---|

On November 19, 2019, Plaintiff filed a Motion Requesting Discovery Material (ECF No. 93) asking the Court to require Defendant to provide a copy of the San Diego Police Department's "Canine Unit Operations Manual" ("SDPD Canine Unit Manual"). Defendant filed a Response in opposition to the Motion on November 22, 2019. ECF No. 94. To date, Plaintiff has filed no Reply in support of the Motion. Therefore, the Court considers the Motion fully briefed and ripe for ruling.

**I.  BACKGROUND**

The Court begins with a brief overview of discovery in this case. On March 4, 2019, the Court issued the initial Scheduling Order setting the fact discovery deadline on July 12, 2019 and the expert discovery deadline on September 27, 2019. ECF No. 63.

On May 10, 2019, Plaintiff filed a Request for Subpoenas to Produce Documents

pursuant to Fed. R. Civ. P. 45 (ECF No. 70), which requested that the Court provide him two blank subpoena forms to assist him in seeking third-party discovery. Specifically, Plaintiff wanted to subpoena the SDPD Canine Unit Manual from the San Diego Police Department and to subpoena documents from the San Diego County Jail concerning the medical treatment he received there for his dog bite wounds. *Id.* On July 3, 2019, the Court granted the Motion for Subpoenas and directed the Clerk of Court to mail Plaintiff two subpoena duces tecum forms, consistent with Fed. R. Civ. P. 45(a)(3). ECF No. 71 at 3. In that Order, the Court also gave Plaintiff detailed instructions on how to complete the forms and directed him to return the completed forms along with a copy of the Order to the United States Marshal for service within twenty-one days of the date of the Order, or July 24, 2019. *Id.* at 3-4. *See also* 28 U.S.C. § 1915(d) (providing that, in cases where a prisoner plaintiff is proceeding *in forma pauperis*, "the officers of the court shall issue and serve all process, and perform all duties"). According to the relevant docket entry, the Court mailed the two blank subpoena duces tecum forms to Plaintiff along with the Order, and there is no docket entry indicating that any mail was returned to the Court as undeliverable.

On August 16, 2019, the Court modified the Scheduling Order to extend the fact discovery deadline to September 27, 2019, the same day as the expert discovery deadline. ECF No. 82. Although the Court warned in that Order that no further extensions of time would be granted without a showing of good cause, on October 9, 2019, the Court *sua sponte* reopened discovery until November 22, 2019 for the limited purpose of permitting the parties to take one another's depositions and extended the pretrial motions deadline accordingly. ECF No. 89.

**II.   DISCUSSION**

Plaintiff prepared and dated the present Motion on November 12, 2019, and it was filed one week later on November 19. ECF No. 93. In the Motion, Plaintiff again requests that the Court to provide him a subpoena to serve on the San Diego Police Department to demand the SDPD Canine Unit Manual. *Id.* However, Plaintiff never previously

2

3:16-cv-1174-CAB-AHG

completed the subpoena duces tecum forms provided by the Court or followed the related instructions to obtain the assistance of the United States Marshal Service in completing service of the forms, as he was entitled to do under 28 U.S.C. § 1915(d). *See* ECF No. 71 at 3-4.

"In California, federal courts interpret Rule 45 as setting forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas." *nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04CV3836MMC(MEJ), 2006 WL 988807, at *2 (N.D. Cal. Apr. 13, 2006) (citing *F.T.C. v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000) and *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999)). Where, as here, a party wants to request production of books, documents, and other tangible items, such a request falls under the umbrella of pre-trial discovery subpoenas. *nSight*, 2006 WL 988807, at *2. "Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra*, 190 F.R.D. at 561 (citing *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997)).

Plaintiff offers no explanation in his Motion as to why he failed to meet the Court's earlier deadline to complete and return the forms. Nor does Plaintiff otherwise establish good cause to reopen discovery to permit him to serve a third-party subpoena duces tecum on the San Diego Police Department long after the close of discovery, when he had ample opportunity to subpoena the SDPD Canine Unit Manual before the discovery cut-off. "A party may not use a trial subpoena to secure documents involving information known to them during discovery." *nSight*, 2006 WL 988807, at *4. Therefore, the Court will deny Plaintiff's request. In reaching this conclusion, the Court is particularly cognizant of the fact that the discovery deadlines in this matter have already been delayed twice, primarily to accommodate Plaintiff. When the Court first extended the fact discovery deadline to September 27, 2019 at Plaintiff's request, the Court did so purely to afford Plaintiff leniency as a *pro se* litigant, despite finding that Plaintiff did not meet the "good cause" standard for modifying the Scheduling Order since his proffered reason for

needing a continuance was that he "became singularly concerned with the [expert witness] issues and did not get around to the fact discovery." ECF No. 82 at 5 (quoting ECF No. 77 at 3). And when the Court reopened discovery on a limited basis, it did so to permit the parties to take one another's depositions, in part because Plaintiff had expressly sought such an opportunity. *See* ECF Nos. 87, 89. However, at this stage in the litigation, the Court will not again extend discovery and interfere with existing case deadlines to permit Plaintiff to pursue additional discovery that he had every opportunity to obtain earlier. *See Marvin*, 177 F.R.D. at 445 ("[T]o allow a party to continue with formal discovery . . . whether in the guise of Rule 45, or any of the other discovery methods recognized by [former] Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for [t]rial . . . . [W]e can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure.").

### III. CONCLUSION

Based on the foregoing considerations, Plaintiff's Motion for Discovery (ECF No. 93) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge